```
1              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
2                        AT CHARLESTON

3    _____x
                                     :
4    UNITED STATES OF AMERICA,       :
                                     :
5             Plaintiff,             :  NO. 2:21-cr-00235
                                     :
6             -vs-                    :
                                     :
7    TODD CHRISTOPHER ROATSEY,        :
                                     :
8             Defendant.             :
     _____x
9
```

```
10                  TRANSCRIPT OF PLEA HEARING
           BEFORE THE HONORABLE JOHN T. COPENHAVER, JR.,
11               SENIOR UNITED STATES DISTRICT JUDGE
                         JUNE 13, 2022
12

13


14   APPEARANCES:
     FOR THE PLAINTIFF:        AUSA JENNIFER R. HERRALD
15                             Assistant United States Attorney
                               U.S. Attorney's Office
16                             P.O. Box 1713
                               Charleston, WV  25326-1713
17


18


19   FOR THE DEFENDANT:        JOHN A. CARR, ESQUIRE
                               179 Summers Street
20                             Charleston, WV 25301

21

22        Proceedings recorded by mechanical stenography,
     transcript produced by computer.
23
                    _____
24                  CATHERINE SCHUTTE-STANT, RDR, CRR
                        Federal Official Court Reporter
25                  300 Virginia Street East, Room 6009
                         Charleston, WV 25301
```

```
1                              INDEX

2
     GOVERNMENT'S
3    EXHIBITS                 ADMITTED

4      1 - (SEALED)             61

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

USA v ROATSEY

```
 1                 P-R-O-C-E-E-D-I-N-G-S          1:42 p.m.

 2            THE CLERK:  All rise.

 3            THE COURT:  Good afternoon.  Please be seated.

 4            THE CLERK:  The case before the Court is the

 5   United States of America versus Todd Christopher Roatsey,

 6   Criminal Number 2:21-00235.

 7        Would counsel note their appearances for the record,

 8   please.

 9            THE COURT:  Counsel may remove your mask.

10            MS. HERRALD:  Thank you, Your Honor.

11         Jennifer Herrald for the United States.

12            THE COURT:  Thank you.

13            MR. CARR:  John Carr on behalf of Todd Christopher

14   Roatsey, who is present in the courtroom.

15            THE COURT:  Thank you.

16        And, Ms. Herrald, what's the purpose of the hearing?

17            MS. HERRALD:  The purpose of the hearing is for

18   the defendant to plead guilty to Counts One and Three of a

19   Thirteen-Count third superseding indictment, pursuant to a

20   letter form plea agreement.

21            THE COURT:  Thank you.

22        And, Mr. Carr, is that your understanding as well?

23            MR. CARR:  Yes, Your Honor.

24            THE COURT:  Thank you.

25            THE CLERK:  Will the defendant please stand and
```

USA v ROATSEY

1    raise your right hand to be sworn?

2              **TODD CHRISTOPHER ROATSEY, DEFENDANT, SWORN**

3                            **EXAMINATION**

4    **BY THE COURT:**

5    **Q.**   Mr. Roatsey, state your full name, please.

6    **A.**   Todd Christopher Roatsey.

7    **Q.**   And what city or town do you live in?

8    **A.**   Elkview, West Virginia.

9    **Q.**   How old are you?

10   **A.**   43.

11   **Q.**   What's the extent your education?

12   **A.**   Ph.D.

13   **Q.**   Just one moment.

14        (Pause.)

15   **A.**   Ph.D., Your Honor.

16   **Q.**   Yes.  And in what subject?

17   **A.**   Educational leadership administration.

18   **Q.**   Thank you.  And so is it fair to say that you read and

19   read well?

20   **A.**   Yes, Your Honor.

21   **Q.**   And write and write well?

22   **A.**   Yes, Your Honor.

23   **Q.**   Were you able to read and understand the last version

24   of the indictment in this case?

25   **A.**   Yes, Your Honor.

USA v ROATSEY

1    **Q.**   And have you been over that thoroughly, have you, with

2    your attorney, Mr. Carr?

3    **A.**   Yes, Your Honor.

4    **Q.**   At any time in the last few years, have you been under

5    the treatment of a physician or anyone for a serious

6    physical illness or ailment?

7    **A.**   I met with a doctor for depression, but that is it.

8    **Q.**   How long ago was that?

9    **A.**   That was November 2nd, 2020.

10   **Q.**   And have you been under treatment since then?

11   **A.**   No.

12   **Q.**   Was that the only visit?

13   **A.**   Yes, sir.  Yes, Your Honor.

14            THE COURT:  Mr. Carr, were you about to add

15   something?

16            THE WITNESS:  Actually, I think it was around

17   November 1st or something.

18            THE COURT:  Thank you.

19            MR. CARR:  Your Honor, I would only state that --

20   and I believe the Court is about to ask about medications --

21   and there are prescribed medications for Mr. Roatsey.

22            THE COURT:  Thank you.

23   BY THE COURT:

24   **Q.**   And after that visit in November, did you have further

25   treatment by that doctor?

USA v ROATSEY

1    **A.**   No, Your Honor.

2    **Q.**   Is that the only occasion you had within, let's say,

3    the last year to be under the treatment of a physician for

4    anything?

5    **A.**   No, Your Honor.  I've been under treatment by a

6    physician for my -- where -- Dr. Michael Chambers from

7    Marshall Health where I had a left hip abductor tendon

8    repair surgery.  And he would prescribe me something

9    equivalent to a strong Ibuprofen, and that's it.

10   **Q.**   How long ago did you have that procedure?

11   **A.**   I had that in 2020.

12   **Q.**   And are you continued to be prescribed medication for

13   that condition?

14   **A.**   Yes, Your Honor.

15   **Q.**   And what is that?

16   **A.**   I'm not sure what the medication is called, but it's

17   similar to Ibuprofen.  It's a little bit stronger than

18   Ibuprofen.

19   **Q.**   But it is a prescribed dosage medication for which you

20   need a prescription?

21   **A.**   Yes, Your Honor.

22   **Q.**   And do you continue to receive treatment daily for that

23   condition?

24   **A.**   No, Your Honor.

25   **Q.**   Since you've been in custody, have you had treatment

USA v ROATSEY

```
1    for that condition made available to you?
2    A.   No, Your Honor.
3    Q.   Have you needed it?
4    A.   Yes, Your Honor.
5    Q.   Have you asked for it?
6    A.   Yes, Your Honor.
7    Q.   Did you receive anything?
8    A.   No, Your Honor.
9    Q.   Not even the Ibuprofen?
10   A.   Correct.
11   Q.   And if I understand you, though, until you were taken
12   into custody, you were still under doctor's orders to take
13   the medication, the name of which you're having trouble
14   remembering?
15   A.   Yes, Your Honor.
16   Q.   And aside from that, have you had any other physical
17   illness that has required the attention of a physician?
18   A.   At the facility that I'm at now, the South Central
19   Regional Jail, the psychologist has prescribed me some
20   medication there.
21   Q.   But that, perhaps, is for a mental illness or a
22   disorder, rather than physical, correct?
23   A.   Correct, yes.
24   Q.   So have we finished with the physical?
25   A.   Yes, sir.  Yes.  I've received no further treatment for
```

USA v ROATSEY

1   that.

2   **Q.**   Now then, let me ask you, as well, have you had

3   occasion to consult or to be under the treatment of a

4   psychiatrist, physician, counselor, psychologist, or anyone

5   for a mental illness or emotional disorder of any kind?

6   **A.**   Yes.  Just that the -- since I've been in jail, as

7   well, I've been under the care of a psychiatrist there.

8   She's prescribed me Vistaril, Celexa, Zoloft, and an

9   anti-anxiety medication.

10   **Q.**   And how long have you been under prescription for those

11   medications?

12   **A.**   I've been under prescription for those medications

13   since -- well, originally, the lady -- physician I met with

14   actually was November 1st, I believe.  She prescribed me

15   Zoloft and the anti-anxiety medicine.

16   **Q.**   And where was that prescribed?

17   **A.**   It was here in Charleston from the medical doctor.  But

18   I'm not for sure -- I don't remember what the name of the

19   facility was.

20   **Q.**   Were you in custody at that point?

21   **A.**   No.  It was the day after I became in custody.

22   **Q.**   You went in custody what day?

23   **A.**   November 2nd.

24   **Q.**   Please go ahead.

25   **A.**   Yes.  And however, once I got into the jail, I -- I was

USA v ROATSEY

1    put in very bad conditions there.  And so I spoke -- got to

2    speak with a psychologist -- or a psychiatrist 17 days after

3    getting in there.  And then she prescribed me Vistaril and

4    the Celexa.

5    Q.   And so are you receiving all those at the jail now?

6    A.   Yes, Your Honor.

7    Q.   For how long have you been receiving them?

8    A.   Since November 19th.

9    Q.   And have you been taking them in the prescribed dosage?

10   A.   Yes, Your Honor.

11   Q.   On a daily basis?

12   A.   Yes, Your Honor.  I take them in the morning -- one

13   anxiety medicine in the morning, and then the other three

14   medications in the evening.

15   Q.   And, generally, what's the purpose of the medication?

16   A.   It's for depression and anxiety.

17   Q.   Do the medications affect your judgment?

18   A.   No, Your Honor.

19   Q.   Aside from that, are you taking any other medications?

20   A.   No, Your Honor.

21   Q.   During the past 48 hours, have you had any sedatives,

22   medication, alcohol, or drugs of any kind, except that which

23   has been prescribed for you, taken in the prescribed dosage?

24   A.   No, Your Honor.

25   Q.   I mentioned to you that the proceeding is pending on

USA v ROATSEY

1    what is denominated the third superseding indictment, and

2    it's my understanding that you propose today to enter a plea

3    with respect to Counts One and Three of that third

4    superseding indictment.  Is that correct?

5    **A.**   Yes, Your Honor.

6    **Q.**   I want to go over those counts with you one-by-one, and

7    first simply read them to you.

8         Count One charges that from on or about February 8,

9    2020, through on or about February 16, 2020, at or near

10   Elkview, in Kanawha County, West Virginia, within the

11   Southern District of West Virginia, defendant Todd

12   Christopher Roatsey did employ, use, persuade, induce,

13   entice, and coerce a minor, Minor Female 1, and attempt to

14   employ, use, persuade, induce, entice, and coerce a minor,

15   Minor Female 1, to engage in sexually explicit conduct for

16   the purpose of producing visual depictions of such conduct,

17   and the visual depictions were transmitted using any means

18   and facility of interstate and foreign commerce and in and

19   affecting interstate and foreign commerce.

20        Do you understand what's charged there?

21   **A.**   Yes, Your Honor.

22   **Q.**   All that is charged to be in violation of Title 18,

23   United States Code, Sections 2251(a) and (e).

24        Do you understand that as well?

25   **A.**   Yes, Your Honor.

1    **Q.**   Let me note to you that if you went to trial on that

2    offense charged in Count One, in order for you to stand

3    convicted of it, it would be necessary that the government

4    prove to the satisfaction of this Court and a jury beyond a

5    reasonable doubt each of the following essential elements of

6    that offense, and they are as follows:

7         First, that on or about February 8, 2020, through on or

8    about February 16, 2020, at or near Elkview, Kanawha County,

9    West Virginia, and within the Southern District of West

10   Virginia, you employed, used, persuaded, induced, enticed,

11   and coerced a minor, Minor Female 1, and attempted to

12   employ, use, persuade, induce, entice, and coerce a minor,

13   Minor Female 1, to engage in sexually explicit conduct for

14   the purpose of producing visual depictions of that conduct.

15        Do you understand that?

16   **A.**   Yes, Your Honor.

17   **Q.**   And do you understand that the term "sexually explicit

18   conduct" for that purpose includes lascivious exhibition of

19   the genitals and masturbation?

20   **A.**   Yes, Your Honor.

21   **Q.**   Aside from that initial element, the second essential

22   element is, that you knew or had reason to know that such

23   visual depictions were transmitted using any means and

24   facility of interstate and foreign commerce, and in and

25   affecting interstate and foreign commerce.

USA v ROATSEY

1          Do you understand that as well?

2   **A.**    Yes, Your Honor.

3          THE COURT:  I will ask the parties whether or not

4   the Court needs to proceed on the basis of attempt?

5          MS. HERRALD:  Your Honor, the United States would

6   request that the Court proceed on attempt for both Counts

7   One and Three.

8   BY THE COURT:

9   **Q.**    Let me note to you, as I have, that the commission of

10  the offense as charged and so too is an attempt to commit

11  that offense charged.

12         Do you understand that?

13  **A.**    Yes, Your Honor.

14  **Q.**    And by "attempt" means that you committed an act which

15  constitutes a substantial step towards the persuading,

16  inducing, enticing, and coercing of an individual female,

17  minor -- I should say, Minor Female 1, to engage in sexual

18  activity for which any person could have been charged --

19  excuse me.

20         In the attempt, I want to start anew on it, and note

21  that it involves committing an act which constituted a

22  substantial step toward the commission of the production and

23  visual depiction of Minor Female 1 engaging in sexually

24  explicit conduct, as I have already related to you.

25         Do you understand that?

USA v ROATSEY

1  **A.**   Yes, Your Honor.

2  **Q.**   And, in effect, the attempt must be one that is

3  sufficient to corroborate the intent to commit the offense.

4  Do you understand that?

5  **A.**   Yes, Your Honor.

6  **Q.**   The attempt necessary to commit the offense with the

7  intent required to do so.

8       Do you understand that?

9  **A.**   Yes, Your Honor.

10 **Q.**   Now then, apart from Count One, do you understand

11 everything in it?

12 **A.**   Yes, Your Honor.

13 **Q.**   I want to go over Count Three with you, as well, which

14 reads as follows:

15      From on or about January 25, 2020, through on or about

16 February 16, 2020, at or near Elkview, in Kanawha County,

17 West Virginia, and within the Southern District of West

18 Virginia, defendant, Todd Christopher Roatsey, using a

19 facility and means of interstate commerce, that is, the

20 Internet and cellular network, did knowingly persuade,

21 induce, entice, and coerce an individual, Minor Female 1,

22 who had not attained the age of 18 years, to engage in

23 sexual activity for which any person could have been charged

24 with a criminal offense, and attempted to do so.

25      Do you understand what's charged there?

USA v ROATSEY

1     **A.**    Yes, Your Honor.

2     **Q.**    And I note to you that the sexual activity referred to

3     includes child pornography, as that term is further defined

4     in the federal statutes, and it includes:  Sexually explicit

5     activity or conduct, which in turn includes lascivious

6     exhibition of the genitals, and masturbation, all with

7     respect to a minor under the age of 18 years of age.

8          Do you understand that as well?

9     **A.**    Yes, Your Honor.

10    **Q.**    With that in mind, let me note to you that in order for

11    you to -- should you stand trial -- be convicted of the

12    offense charged in Count Three, it would be necessary that

13    the government prove to the satisfaction of this Court and a

14    jury beyond a reasonable doubt each of the following

15    essential elements of that offense, and they are as follows:

16         First, that from on or about January 25, 2020, through

17    on or about February 16, 2020, at or near Elkview, in

18    Kanawha County, West Virginia, and within the Southern

19    District of West Virginia, you used a facility and means of

20    interstate commerce, that is, the Internet and cellular

21    network, and you knowingly persuaded, induced, enticed, and

22    coerced an individual, Minor Female 1, or attempted to

23    persuade, induce, entice, and coerce an individual, Minor

24    Female 1, to engage in sexual activity for which a person

25    could have been charged with a criminal offense.  And I

USA v ROATSEY

1    referred to that generally as to what that is a moment ago.

2         Do you understand that?

3    **A.**   Yes, Your Honor.

4    **Q.**   Secondly, that you knew Minor Female 1 had not attained

5    the age of 18 years.

6         Do you understand that, as well?

7    **A.**   Yes, Your Honor.

8    **Q.**   And, once again, that you committed an act which

9    constituted a substantial step in your attempt to do so

10   toward persuading, inducing, enticing, and coercing the

11   individual, Minor Female 1, to engage in sexual activity for

12   which any person could have been charged with a criminal

13   offense, using a facility and means of interstate commerce,

14   that is, the Internet and cellular network.

15        Do you understand all that, as well?

16   **A.**   Yes, Your Honor.

17   **Q.**   Now then, have you discussed the charges contained in

18   the entirety of the indictment and, more particularly, the

19   third superseding indictment thoroughly with your attorney,

20   Mr. Carr?

21   **A.**   Yes, Your Honor, I have.

22   **Q.**   Did you tell him all the facts?

23   **A.**   Yes, I did, Your Honor.

24   **Q.**   Has he counseled and advised you as to the nature of

25   the offenses charged against you in each of the counts of

USA v ROATSEY

1   the indictment?

2   **A.**  Yes, Your Honor.

3   **Q.**  And, particularly, Counts One and Three?

4   **A.**  Yes, Your Honor.

5   **Q.**  And insofar as you can tell, has he also counseled and

6   advised you as to all defenses you may have to those

7   charges?

8   **A.**  Yes, Your Honor.

9   **Q.**  Particularly, Counts One and Three?

10   **A.**  Yes, Your Honor.

11   **Q.**  In light of that, have you made a decision as to

12   whether or not you wish to enter a plea to Counts One and

13   Three at this time?

14   **A.**  Yes, Your Honor, I have.

15       MR. CARR:  Pardon me.  Could counsel have a

16   moment?

17       THE COURT:  Yes.

18    (AUSA Herrald and defense attorney Carr conferring off

19   the record.)

20       MR. CARR:  Thank you, Your Honor.

21       THE COURT:  Anything further, Mr. Carr?

22       MR. CARR:  No, Your Honor.

23       THE COURT:  The Court understands that a plea

24   agreement has been entered into, and I'll ask if that plea

25   agreement is at the lectern?

USA v ROATSEY

1              MS. HERRALD:  It is, Your Honor.

2      BY THE COURT:

3      **Q.**   Mr. Roatsey, I have before me what appears to be an

4      11-page plea agreement to which there is attached a

5      four-page Stipulation of Facts.

6              It's in letter form, dated May 25, 2022.  It is

7      addressed to your attorney, Mr. Carr.  And it's from the

8      United States Attorney, and signed on his behalf by Ms.

9      Herrald, as Assistant United States Attorney.

10             Have you thoroughly read that plea agreement?

11     **A.**   Yes, I have, Your Honor.

12     **Q.**   Do you believe you understand everything in it?

13     **A.**   Yes, Your Honor.

14     **Q.**   Have you gone over it thoroughly with Mr. Carr?

15     **A.**   Yes, I have, Your Honor.

16     **Q.**   Is there anything about it that you don't understand?

17     **A.**   No, Your Honor.

18     **Q.**   Notwithstanding your telling me that, I'm going to go

19     over this plea agreement with you paragraph-by-paragraph,

20     and as we go through it, if there is anything about it that

21     you don't understand, I want you to interrupt me just as we

22     are going through a particular paragraph, and we'll take it

23     up right then.

24             Do you promise to do that?

25     **A.**   Yes, Your Honor.

USA v ROATSEY

```
 1              THE COURT:  And I'm going to ask that the original
 2    agreement that you'll have before you be returned to the
 3    lectern.
 4              Mr. Carr, could you retrieve that, please?
 5              MR. CARR:  Yes, Your Honor.
 6              Retrieving the original of the plea agreement.
 7    BY THE COURT:
 8    Q.   And, Mr. Roatsey, you may be seated as we go through
 9    this.
10    A.   Thank you, Your Honor.
11    Q.   The first paragraph states that you and the United
12    States have reached the agreement that follows.
13         Paragraph 1 sets forth the pending charges against you.
14    Have you read that, and do you understand what's set forth
15    there?
16    A.   Yes, I have, Your Honor.
17    Q.   In those thirteen counts that are referred to in the
18    third superseding indictment, it notes in subparagraph (a),
19    among others, Counts One, and in (b), Count Three, which the
20    Court's already been over with you.
21         Do you understand that, do you?
22    A.   Yes, Your Honor.
23    Q.   Paragraph Number 2 states that you agree to plead
24    guilty to Count One and Count Three, and the United States
25    agrees at sentencing to move to dismiss all the other counts
```

USA v ROATSEY

1    against you in the third superseding indictment.

2        Do you understand that?

3    **A.**   Yes, Your Honor.

4    **Q.**   Paragraph Number 3 states the maximum penalty for each

5    of the two charges in each Counts One and Three, as follows,

6    and, more particularly, it includes both the minimum and

7    maximum penalty that applies in those instances.

8        As to Count One, you're subject to imprisonment for a

9    period of not less than 15 years, no more than 30 years'

10   imprisonment.

11       Do you understand that?

12   **A.**   Yes, Your Honor.

13   **Q.**   You're also subject to a fine of as much as $250,000, a

14   term of supervised release that will be at least five years

15   and may be as long as life; you're subject to a mandatory

16   Special Assessment of $100, which I understand has already

17   been paid, and you're subject, as well, to a Special

18   Assessment of $5,000, pursuant to Title 18, United States

19   Code, Section 3014.

20       Do you understand that?

21   **A.**   Yes, Your Honor.

22   **Q.**   As well as an order of restitution as set forth there,

23   and, more particularly, that's an order of restitution to

24   each of the victims in your case.

25       Do you understand that?

USA v ROATSEY

1    **A.**   Yes, Your Honor.

2    **Q.**   With respect to Count Three, you're subject to

3    imprisonment for a period of not less than 10 years and as

4    long as life.

5         Do you understand that?

6    **A.**   Yes, Your Honor.

7    **Q.**   As well as a fine of $250,000; a term of supervised

8    release of not less than five years and as long as life;

9    another mandatory Special Assessment of $100, which the

10   Court understands you've already paid, and a Special

11   Assessment of $5,000, pursuant to Section 3014.

12        Do you understand that?

13   **A.**   Yes, Your Honor.

14   **Q.**   And finally, once again, restitution to the victims of

15   the offense.  Do you understand that also?

16   **A.**   Yes, Your Honor.

17   **Q.**   So when you total all that up, what it really comes to

18   is, imprisonment for a period of at least 15 years, and as

19   long as life.

20        Do you understand that?

21   **A.**   Yes, Your Honor.

22   **Q.**   A fine of as much as $500,000; a term of supervised

23   release of not less than five years and as long as life; a

24   mandatory Special Assessment of $200, which you've already

25   paid; and $10,000 pursuant to Section 3014, that is, $5,000

USA v ROATSEY

 1     for each of those.

 2          Do you understand that?

 3     **A.**   Yes, Your Honor.

 4     **Q.**   And an order of restitution of the victims of your

 5     offenses.  And that's dealt with again here shortly.

 6          Do you understand that so far?

 7     **A.**   Yes, Your Honor.

 8     **Q.**   In paragraph 4, it's noted that you'll pay the $200

 9     Special Assessment by this time, and the Court understands

10     that you have done so.

11              THE COURT:  And I take it the government agrees?

12              MS. HERRALD:  Yes, Your Honor.

13              THE COURT:  So there is no need to look at that

14     paragraph any further.

15     BY THE COURT:

16     **Q.**   The next paragraph on restitution states that you

17     understand that the Court is to order restitution to the

18     victims in this case for the full amount of the victims

19     losses, if any, and you agree to pay that restitution to the

20     fullest extent financially feasible, including interest.

21          Do you understand that?

22     **A.**   Yes, Your Honor.

23     **Q.**   And under that restitution provision, you agree to

24     various factors -- and I would ask if you've been over what

25     is set forth there as (a), (b), (c), (d), and (e) with your

USA v ROATSEY

1    attorney?

2    **A.**    Yes.

3    **Q.**    And if you understand what your obligations are with

4    respect to making your assets available for restitution in

5    this case?

6    **A.**    Yes, Your Honor.

7    **Q.**    In addition, with respect to (e), you agree not to

8    appeal any order of the District Court, that is, this Court,

9    imposing restitution, unless the amount of restitution

10   exceeds the amount of $10,000 per victim.

11        Do you understand that?

12   **A.**    Yes, Your Honor.

13   **Q.**    So that means that for all of the victims who can be

14   identified in this instance, that you're subject to

15   restitution in the amount the Court sees fit to make it.

16        Do you understand that?

17   **A.**    Yes, Your Honor.

18   **Q.**    But to the extent that the Court limits restitution to

19   $10,000 to each victim, you waive your right ever to appeal

20   the Court's imposition of that restitution up to that

21   amount, dealing individually in that amount with each victim

22   at $10,000.

23        Do you understand that?

24   **A.**    Yes, Your Honor.

25   **Q.**    So if there are many victims, there could be many

USA v ROATSEY

1    $10,000 awards, and none of those, so long as they do not

2    exceed $10,000, could be appealed by you.

3          Do you understand that?

4    **A.**   Yes, Your Honor.

5    **Q.**   The next paragraph has to do with abandonment of

6    property, and there, it's noted that you agree to abandon to

7    the United States or the state of West Virginia, all right,

8    title, and interest that you have in the electronic devices

9    that were seized from you during the search of your

10   residence on October 28, 2021.

11         Do you understand that?

12   **A.**   Yes, Your Honor.

13   **Q.**   And do you know exactly what those items are?

14   **A.**   Yes, Your Honor.

15   **Q.**   And, in fact, have they already been seized from you?

16   **A.**   Yes, Your Honor.

17   **Q.**   And so they are no longer in your possession?

18         Is that correct?

19   **A.**   Correct, Your Honor.

20   **Q.**   As I understand it, that seizure took place, I believe,

21   on October 28th?

22   **A.**   Yes, Your Honor.

23   **Q.**   And you weren't taken into custody for several days, so

24   you know what was taken from you?

25   **A.**   Yes, Your Honor.

USA v ROATSEY

```
 1   Q.   The next paragraph really consists of four paragraphs
 2   on the payment of monetary penalties.  Do you understand
 3   that you are authorizing the Financial Litigation Program in
 4   the United States Attorney's Office to obtain a credit
 5   report from any major credit reporting agency prior to your
 6   sentencing in order to assess your financial condition for
 7   sentencing purposes?
 8        Do you understand that?
 9   A.   Yes, Your Honor.
10   Q.   And do you understand everything else that is set forth
11   in that section of this plea agreement having to do with
12   payment of monetary penalties?
13   A.   Yes, Your Honor.
14   Q.   The next paragraph states that you agree to be
15   forthright and truthful with the United States Attorney's
16   Office and other law enforcement agencies with regard to all
17   inquiries made pursuant to this agreement, that is, with
18   regard to any such inquiries made by the United States
19   Attorney's Office or other law enforcement agencies with
20   regard to all inquiries that may be made pursuant to this
21   agreement, and that you'll give signed, sworn statements and
22   grand jury and trial testimony upon request of the United
23   States.
24        Do you understand that, as well?
25   A.   Yes, Your Honor.
```

USA v ROATSEY

1    **Q.**   The next two paragraphs have to do with use immunity

2    and limitations on immunity.  Have you read those

3    paragraphs, have you been over them thoroughly with your

4    attorney, Mr. Carr, and has he explained them to you, and do

5    you believe you understand everything set forth there?

6    **A.**   Yes, Your Honor.

7    **Q.**   The next paragraph has do with Stipulation of Facts,

8    and that's referring to the four-page Stipulation of Facts

9    that's attached to this agreement.

10        Do you understand that?

11   **A.**   Yes, Your Honor.

12   **Q.**   Do you understand that by Stipulation of Facts is meant

13   agreement of facts?

14   **A.**   Yes, Your Honor.

15   **Q.**   That means that you agree to the truth and accuracy of

16   everything set forth in that Stipulation of Facts?

17   **A.**   Yes, Your Honor.

18   **Q.**   Do you understand everything in that Stipulation of

19   Facts?

20   **A.**   Yes, Your Honor.

21   **Q.**   Anything about it that you don't understand?

22   **A.**   No, Your Honor.

23        THE COURT:  Notwithstanding your statement, I'm

24   going to ask that Ms. Herrald read the Stipulation of Facts.

25        MS. HERRALD:  Thank you, Your Honor.

USA v ROATSEY

1        Stipulation of Facts reads as follows:

2        The United States and Todd Christopher Roatsey,

3    (hereinafter, "I," "me," and "my") stipulate and agree that

4    the facts comprising the offenses of conviction, Counts One

5    and Three, in the third superseding indictment, and some,

6    but not all, relevant conduct include the following:

7        Between on or about January 25, 2020, through on or

8    about February 16, 2020, at or near my residence in Elkview,

9    Kanawha County, West Virginia, I used my Snapchat account,

10   "cdaily2002," to communicate with Minor Female 1 via

11   Snapchat, which is a messaging platform that utilizes the

12   Internet and cellular networks to send and receive messages.

13   During my conversations with Minor Female 1, I persuaded

14   Minor Female 1 to create and send me sexually explicit

15   videos of herself, including over a dozen videos of her

16   masturbating by penetrating her vagina with a marker.

17       I recorded more than 30 videos of my Snapchat

18   conversations with Minor Female 1 using a screen-recording

19   software on my cell phone.  Over the course of my

20   conversations with Minor Female 1, I gradually encouraged

21   her to send increasingly explicit videos, starting first

22   with videos of her rubbing her vagina over her clothing, and

23   then videos of her masturbating under her underwear, and

24   ultimately videos of her masturbating with her nude vagina

25   exposed.  At the time I recorded these videos, I believed

USA v ROATSEY

```
 1    Minor Female 1 to be under the age of 18.  I also sent Minor
 2    Female 1 videos of me masturbating in bedrooms in my
 3    residence in Elkview, Kanawha County, West Virginia.
 4            THE COURT:  And let me interrupt and ask, do you
 5    understand everything in this Stipulation of Facts so far,
 6    sir?
 7            THE DEFENDANT:  Yes, Your Honor.
 8            THE COURT:  Please go ahead.
 9            MS. HERRALD:  On January 25, 2020, I used the same
10    Snapchat account to communicate with Minor Female 2, who I
11    also believed to be under the age of 18.  At my direction,
12    Minor Female 2 recorded and sent me several videos depicting
13    her masturbating with her nude vagina exposed.  I also sent
14    Minor Female 2 videos of me masturbating at my residence.  I
15    recorded these videos by using the same screen-recording
16    software as with Minor Female 1.
17            THE COURT:  And do you understand that as well?
18            THE DEFENDANT:  Yes, Your Honor.
19            THE COURT:  Please go ahead.
20            MS. HERRALD:  I additionally used the "cdaily2002"
21    Snapchat account to communicate and record videos of several
22    minor females I personally knew through my work as an
23    elementary school counselor employed by Kanawha County
24    Schools.
25            When I used my "cdaily2002" Snapchat account, I
```

USA v ROATSEY

1    identified myself as an 18-year-old boy and sent purported

2    photos of my fictitious teenage persona to girls.  I

3    recorded over 100 videos depicting two local girls that I

4    knew to both be approximately age 12 at the time.  In the

5    videos, the girls would send me recordings of themselves

6    doing sexy dance routines or various gymnastics poses, such

7    as full backbends, often while wearing only sports bras and

8    shorts.  I would respond with comments calling the girls

9    "hot" or "sexy."

10          THE COURT:  And do you understand that paragraph

11   as well?

12          THE DEFENDANT:  Yes, Your Honor.

13          MS. HERRALD:  I also used two different accounts

14   with Mega, an encrypted online file-sharing, file storage,

15   and chatting platform.  On October 9, 2019, through one of

16   those accounts, I engaged in a chat with another Mega user

17   during which I sent several sexually explicit images and

18   videos depicting minors.  One such video depicted two fully

19   nude prepubescent minors being vaginally penetrated by an

20   adult male.  In my second Mega account, I possessed hundreds

21   of sexually explicit images and videos depicting minors,

22   including infants and toddlers.

23       On July 16, 2021, I used one of my Kik Messenger

24   accounts to send videos of child pornography to several

25   other Kik users via direct messages.  For example, in one

USA v ROATSEY

1    video a prepubescent female penetrates herself both

2    vaginally and anally with a marker and her fingers.  I sent

3    these videos from my residence in Elkview.

4              THE COURT:  And let me ask if you understand those

5    two paragraphs, the one being October 9, 2019, and the

6    second one being July 16, 2021?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Please go ahead.

9              MS. HERRALD:  On April 29, 2021, I also used my

10   phone to access several online file-storage platforms,

11   including Mega and Google Drive.  While accessing these

12   platforms, I scrolled through numerous folders that

13   contained dozens of thumbnail previews for video files.  The

14   thumbnail videos depicting prepubescent minors, including

15   infants and toddlers, engaged in sexually explicit conduct.

16   I created a screen recording of myself scrolling through

17   these various folders.

18        On October 28, 2021, law enforcement with Homeland

19   Security Investigations, an agency of the United States,

20   executed a search warrant on my residence in Elkview and

21   seized numerous electronic devices, including computers and

22   my cell phone.  Several of these devices, including my cell

23   phone, contained images and videos of child pornography.

24   These images and videos included the screen recordings of

25   Minor Females 1 and 2, as well as other images of

USA v ROATSEY

 1    prepubescent minors engaged in sexually explicit conduct

 2    that I had downloaded or received over the Internet.

 3        Several hours after law enforcement left my residence

 4    on October 28, 2021, I deleted my Snapchat account,

 5    "cdaily2002."  I deleted this account in order to destroy

 6    electronic records associated with the account.  At the

 7    time, I intended to prevent law enforcement from obtaining

 8    these records, and making them unavailable to be used

 9    against me during any court proceedings.

10            THE COURT:  And do you understand those last three

11    paragraphs, as well, that is, the April 29, 2021 paragraph,

12    and the two October 28, 2021 paragraphs?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  Please go ahead.

15            MS. HERRALD:  And following that are the

16    signatures of defendant, his counsel, Mr. Carr, and myself

17    on behalf of the United States.

18            THE COURT:  And I'm going to ask you to read one

19    last thing, and that's the footnote on Page 1.

20            MS. HERRALD:  Yes, Your Honor.

21        The footnote on Page 1 indicates, this Stipulation of

22    Facts and Factual Basis for the Guilty Plea does not contain

23    each and every fact known to Todd Christopher Roatsey and to

24    the United States concerning his involvement and the

25    involvement of others in the charges set forth in the Third

USA v ROATSEY

```
1    Superseding Indictment.
2              THE COURT:  Thank you.
3    BY THE COURT:
4    Q.   And do you understand that, as well?
5    A.   Yes, Your Honor.
6    Q.   And so, do you understand everything in your
7    Stipulation of Facts?
8    A.   I do, Your Honor.
9    Q.   Anything about it that you don't understand?
10   A.   No, Your Honor.
11   Q.   Let me note to you that under the terms of this
12   agreement, if you withdraw from this agreement, or if it's
13   voided because you have breached any of its terms, and if
14   you're then prosecuted on any of the charges contained in
15   the indictment, or all of them, for that matter, that the
16   government may use that Stipulation of Facts against you in
17   any subsequent proceeding, whether before this Court or
18   before the Court and a jury?
19        Do you understand that?
20   A.   Yes, Your Honor.
21   Q.   And so if you went to trial on any or all of those
22   counts, under those circumstances, the government would be
23   able to introduce as evidence against you in its
24   case-in-chief the Stipulation of Facts to which you've
25   agreed, noting that you've agreed to the truth and accuracy
```

USA v ROATSEY

1   of everything set forth in it.

2       Do you understand all of that?

3   **A.**   Yes, Your Honor.

4   **Q.**   And the government, of course, could use that same

5   statement in any proper manner during the course of that

6   case.

7       Do you understand that also?

8   **A.**   Yes, Your Honor.

9   **Q.**   The next paragraph is referred to as a Rule 11(c)(1)(C)

10  agreement.  And there it's noted that under that agreement,

11  you and the United States have agreed that the appropriate

12  disposition of this case is for a sentence of imprisonment

13  on Counts One and Three to, in effect, run consecutive with

14  each other with a total sentence of imprisonment of not less

15  than 25 years, no more than 35 years.

16      Do you understand that?

17  **A.**   Yes, Your Honor.

18  **Q.**   And you further understand that under that same

19  agreement, you agree that a lifetime term of supervised

20  release is the appropriate disposition of the supervised

21  release term, which is, as we've discussed, five years, at

22  least, and as long as life under this agreement -- you agree

23  that it's life.  Do you understand that?

24  **A.**   Yes, Your Honor.

25  **Q.**   And you also agree that this particular provision is

USA v ROATSEY

1     not binding on the Court, but if the Court does not accept

2     it, you may withdraw from this plea agreement and withdraw

3     your plea of guilty.

4          Do you understand that?

5     **A.**   Yes, Your Honor.

6     **Q.**   But if the Court accepts it, that is, if the Court

7     accepts this plea agreement, then the sentence in the case

8     will be not less than 25 years, no more than 35 years'

9     imprisonment, and a lifetime of supervised release.

10          Do you understand that?

11     **A.**   Yes, Your Honor.

12     **Q.**   And in addition to that, there are other matters that

13     are left to the Court's determination respecting fine,

14     restitution, and the like.

15          Do you understand all that?

16     **A.**   Yes, Your Honor.

17     **Q.**   Under paragraph 13, if the Court sentences you within

18     the 25 to 35 years' imprisonment, and the lifetime of

19     supervised release, you forever waive your right to appeal

20     your conviction and sentence in this case.

21          Do you understand that?

22     **A.**   Yes, Your Honor.

23     **Q.**   In addition to that, you're waiving one other very

24     important right, as well, and it's this:  In addition to the

25     right of appeal, after appellate rights have been exhausted

USA v ROATSEY

1    or not used at all, the defendant may within a limited

2    period of time file for collateral relief.  And by

3    collateral relief, it's a kind of habeas proceeding that

4    takes the form of what we call a Section 2255 motion,

5    generally.

6         What I want to impress upon you is that under the terms

7    of this agreement, if the Court sentences you to the 25 to

8    35 years' of imprisonment and the lifetime of supervised

9    release, that you are forever waiving your right to later on

10   collaterally attack your conviction and sentence, as well,

11   after appellate rights have been exhausted or not used at

12   all.

13        Do you understand that?

14   **A.**   Yes, Your Honor.

15   **Q.**   And there is only one exception to what I've told you,

16   and it applies both to appeal and collateral relief, you do

17   retain the right to do so on the ground of ineffective

18   assistance of counsel.  That is the only ground left to you.

19        Do you understand that?

20   **A.**   Yes, Your Honor.

21   **Q.**   The next paragraph notes that you forever waive your

22   right to receive or request from any department or agency of

23   the United States any records pertaining to the prosecution

24   and investigation of this case.

25        Do you understand that?

USA v ROATSEY

1  **A.**   Yes, Your Honor.

2  **Q.**   Now, this notes that you specifically waive that right

3  under the Freedom of Information Act and the Privacy Act of

4  1974, but you're waiving it on every other ground as well.

5       Do you understand that?

6  **A.**   Yes, Your Honor.

7  **Q.**   Do you further understand that by virtue of your

8  conviction of Counts One and Three, you must for a lifetime

9  register as a sex offender under the Federal Sex Offender

10  Registration Notification Act?

11       Do you understand that?

12  **A.**   Yes, Your Honor.

13  **Q.**   And that means that you must so register and keep it

14  up-to-date in every jurisdiction in which you reside, or are

15  employed, or are a student.

16       Do you understand that?

17  **A.**   Yes, Your Honor.

18  **Q.**   And the Court emphasizes further, that if you fail to

19  do so, then you will then have committed another federal

20  offense for which you could be, once again, imprisoned.

21       Do you understand that?

22  **A.**   Yes, Your Honor.

23  **Q.**   The next paragraph is labeled "Final Disposition," and

24  that means sentencing.  There it's noted that the United

25  States reserves the right to inform the Probation Office and

1   the Court of all relevant facts and conduct, respond to

2   questions raised by the Court, and present evidence and

3   argument relative to the factors set forth in Title 18,

4   United States Code, Section 3553(a).

5        Do you understand that?

6   **A.**   Yes, Your Honor.

7   **Q.**   Now then, let me explain to you that under the terms of

8   this agreement, the Court will be taking into account the

9   factors under section 3553(a), which are those that are

10  normally taken into account in sentencing every defendant in

11  federal court.

12       Do you understand that so far?

13  **A.**   Yes, Your Honor.

14  **Q.**   Those factors include such things as your role in the

15  offense to which you are pleading guilty, your criminal

16  history, whether or not you've accepted responsibility for

17  your misconduct, whether you have obstructed justice in any

18  way, whether you are a career criminal, whether you make

19  your livelihood from crime, and quite a number of other

20  factors.  And I'm not necessarily going into all of those

21  with you today, but when the Court takes all those factors

22  into account, it will indicate under the advisory United

23  States Sentencing Guidelines a guideline range in which it

24  is suggested that you be sentenced.  The Court is not bound

25  by that range and may sentence you to more than the top of

USA v ROATSEY

```
1    it or less than the bottom of it, or someplace within it,

2    but it's a very important part of the sentencing process,

3    and the Court will be paying a great deal of attention to it

4    in determining what sentence to impose, except that, if the

5    Court accepts this plea agreement, you, in any event, are

6    going to be sentenced to not less than 25, no more than 35

7    years' imprisonment.

8        Do you understand that?

9    A.   Yes, Your Honor.

10   Q.   And you, in any event, are going to be subject to a

11   term of supervised release of lifetime.

12       Do you understand that?

13   A.   Yes, Your Honor.

14   Q.   I note to you that the Court is not bound by the

15   guideline range, but it's a very important part of the

16   sentencing process, and the Court will be paying a great

17   deal of attention to it in determining the sentence to

18   impose in this case.  But, in any event, the sentence will

19   still be one, if the Court accepts this plea agreement, of

20   not less than 25 and as long as 35 years' imprisonment, and

21   a lifetime of supervised release.

22       Do you understand all that?

23   A.   Yes, Your Honor.

24   Q.   The next paragraph notes that if either you or the

25   United States violate the terms of this agreement, the other
```

USA v ROATSEY

 1   party may void it.

 2        Do you understand that?

 3   **A.**   Yes, Your Honor.

 4   **Q.**   And lastly, it's noted that this written agreement

 5   constitutes the entire agreement between you and the United

 6   States in this matter.

 7        Do you understand that, as well?

 8   **A.**   Yes, Your Honor.

 9   **Q.**   Do you further understand, as set forth here, there are

10   no agreements, understandings, or recommendations as to any

11   other pending or future charges against you in any court

12   other than this Court, the United States District Court for

13   the Southern District of West Virginia?

14        Do you understand that also?

15   **A.**   Yes, Your Honor.

16   **Q.**   And so, do you understand everything in your plea

17   agreement?

18   **A.**   Yes, Your Honor, I do.

19   **Q.**   Is there anything at all about it that you don't

20   understand?

21   **A.**   No, Your Honor.

22   **Q.**   Did you approve of that agreement when it was reached?

23   **A.**   Yes, I did, Your Honor.

24   **Q.**   And when you signed it?

25   **A.**   Yes, Your Honor.

1   **Q.**   And do you approve of it now?

2   **A.**   Yes, Your Honor.

3   **Q.**   Is that your signature at the foot of the eleventh page

4   of the agreement?

5   **A.**   Yes, Your Honor.

6   **Q.**   And at the foot of the fourth page of the Stipulation

7   of Facts?

8   **A.**   Yes, Your Honor.

9   **Q.**   And are those your initials at the foot of the other

10  pages?

11  **A.**   Yes, they are, Your Honor.

12  **Q.**   Thank you.

13         THE COURT:  Mr. Carr, you may place the original

14  of that agreement at the lectern, please.

15         MR. CARR:  Returning the original signed copy of

16  the plea agreement to the Court.

17         THE COURT:  Thank you.

18  BY THE COURT:

19  **Q.**   Mr. Roatsey, are you ready to enter pleas to Counts One

20  and Three?

21  **A.**   Yes, Your Honor.

22  **Q.**   If you'd stand again, please.

23         What is your plea to Count One?

24  **A.**   Guilty, Your Honor.

25  **Q.**   And what is your plea to Count Three?

USA v ROATSEY

1    **A.**    Guilty, Your Honor.

2    **Q.**    Before I accept your pleas, I want to make certain you

3    understand a number of things in connection with your pleas,

4    the charges against you, and your constitutional rights.

5         First of all, the indictment in this case, that is, the

6    third superseding indictment, is only a formal charge which

7    informs you of the offenses with which you're charged and

8    serves to bring you into court to answer those charges.  It

9    is not any evidence whatever of guilt.

10        Do you understand that?

11   **A.**    Yes, Your Honor.

12   **Q.**    Do you also understand that you have the right to the

13   assistance of a lawyer at every stage of these proceedings,

14   including trial, should you wish to go to trial?

15   **A.**    Yes, Your Honor.

16        THE COURT:  And, Mr. Carr, are you appointed or

17   retained counsel in the case?

18        MR. CARR:  Retained, Your Honor.

19   BY THE COURT:

20   **Q.**    Do you further understand, Mr. Roatsey, that if you

21   didn't have the funds with which to engage an attorney, that

22   the Court would appoint counsel for you at the expense of

23   the United States?

24   **A.**    Yes, Your Honor.

25   **Q.**    And the cost of these proceedings would otherwise be

USA v ROATSEY

1    entirely at the expense of the United States, as well?

2         Do you understand that?

3    **A.**   Yes, Your Honor.

4    **Q.**   But you also understand that your retained attorney is

5    able to represent you at every stage of these proceedings,

6    including trial, should you wish to go to trial?

7         Do you understand that?

8    **A.**   Yes, Your Honor.

9    **Q.**   Let me note to you that if you should instead enter a

10   plea of not guilty, that you have the right to a speedy and

11   public trial by jury, you have the right to be confronted by

12   the government's witnesses and cross-examine them, you have

13   the right to use the process of this Court to compel

14   witnesses to come in and testify on your behalf, and you're

15   presumed to be innocent of these charges until proven guilty

16   beyond a reasonable doubt.

17        Do you understand that?

18   **A.**   Yes, Your Honor.

19   **Q.**   Do you further understand that if you instead went to

20   trial, at that trial, you are entitled to take the witness

21   stand and testify in your own behalf?

22        Do you understand that?

23   **A.**   Yes, Your Honor.

24   **Q.**   Do you further understand that if you pled not guilty

25   and went to trial and chose not to testify, that fact would

*Catherine Schutte-Stant, RDR, CRR (304) 347-3151*

USA v ROATSEY

1    create no inference or presumption of guilt, and the jury

2    would be so instructed, since, as I've already informed you,

3    you're presumed to be innocent of these charges until proven

4    guilty beyond a reasonable doubt?

5         Do you understand that?

6    **A.**   Yes, Your Honor.

7    **Q.**   Do you further understand that should you plead not

8    guilty, at the trial, it would be necessary that the

9    government come forward with witnesses to prove these

10   charges against you beyond a reasonable doubt?

11        Do you understand that?

12   **A.**   Yes, Your Honor.

13   **Q.**   Do you further understand that by entering a plea of

14   guilty to Counts One and Three, you waive your right to

15   require the government to prove those charges against you

16   beyond a reasonable doubt, and you waive your constitutional

17   rights the Court's telling you about?

18   **A.**   Yes, Your Honor.

19   **Q.**   In particular, you waive your right against

20   self-incrimination with respect to the offenses to which

21   you've pled guilty as set forth in Counts One and Three?

22        Do you understand that?

23   **A.**   Yes, Your Honor.

24   **Q.**   Further understand that if the Court accepts your pleas

25   of guilty to Counts One and Three, that you thereby waive

USA v ROATSEY

1      your right to trial in this matter, including trial by jury?

2           Do you understand that?

3      **A.**   Yes, Your Honor.

4      **Q.**   Do you further understand that the Court does intend to

5      question you under oath, on the record, in the presence of

6      your attorney, and if you fail to answer those questions

7      truthfully, you may later be prosecuted for perjury or false

8      swearing on account of that failure?

9           Do you understand that?

10     **A.**   Yes, Your Honor.

11     **Q.**   Do you further understand that in connection with the

12     charges in this case, the maximum penalty for Counts One and

13     Three are as follows:

14          For Count One, you're subject to a term of imprisonment

15     of not less than 15 years, no more than 30 years; a fine of

16     as much as $250,000; a term of supervised release of at

17     least five years, which could be as long as life; and you're

18     subject as well to a $100 Special Assessment that you've

19     already paid; and you're subject also to making restitution,

20     along the lines the Court has already mentioned to you.  And

21     I may go into that further with you.  And in addition to

22     that, you are subject to having certain federal benefits

23     denied to you for as long as five years.

24          Do you understand all that?

25     **A.**   Yes, Your Honor.

USA v ROATSEY

1    **Q.**   With respect to Count Three, you're subject to a term

2    of imprisonment for as long as 10 years -- that is, I should

3    say, for not less than 10 years and as long as life, as well

4    as a $250,000 fine; a $100 Special Assessment, again; and a

5    term of supervised release of at least five years and as

6    long as life.

7         Do you understand all that so far?

8    **A.**   Yes, Your Honor.

9    **Q.**   In addition to that, on both Count One and Count Three,

10   you're subject to a further Special Assessment that you have

11   not paid, and that is as much as $5,000 on each one of them.

12        Do you understand that?

13   **A.**   Yes, Your Honor.

14   **Q.**   For a total of $10,000 for both.  Do you understand all

15   of that so far?

16   **A.**   Yes, Your Honor.

17   **Q.**   And, once again, restitution; and the Court may

18   withhold certain federal benefits from you for as long as

19   five years under certain circumstances.

20        When you combine all that, it comes to what's already

21   been noted to you in the plea agreement, and that is, you're

22   subject to a period of imprisonment of -- and we are going

23   to talk aside from the conditional part of the agreement

24   about the 25 to 35 years and the lifetime term of

25   imprisonment, but, quite apart from that, you're subject by

USA v ROATSEY

```
 1    virtue of pleas of guilty to these two counts to

 2    imprisonment for a period of not less than 15 years and as

 3    long as life.

 4         Do you understand that?

 5    A.   Yes, Your Honor.

 6    Q.   As well as a fine of as much as $500,000.

 7         Do you understand that?

 8    A.   Yes, Your Honor.

 9    Q.   A Special Assessment of $200, which you've already

10    paid, and another Special Assessment of $10,000 that the

11    Court may impose.

12         Do you understand that?

13    A.   Yes, Your Honor.

14    Q.   And in addition to that, you are subject to

15    restitution, as the Court has stated to you earlier.

16         Do you understand that also?

17    A.   Yes, Your Honor.

18    Q.   Now then, I note to you, under the terms of this

19    agreement, that you may withdraw your plea of guilty if the

20    Court doesn't accept your plea agreement.  And under the

21    terms of the plea agreement, if the Court accepts it, then

22    what the penalty becomes is, as to imprisonment, not less

23    than 25, no more than 35 years' imprisonment.

24         Do you understand that?

25    A.   Yes, Your Honor.
```

1   **Q.**   And the term of supervised release becomes a lifetime

2   term of supervised release.

3       Do you understand that?

4   **A.**   Yes, Your Honor.

5   **Q.**   With respect to the term of supervised release, do you

6   understand that in addition to the penalty imposed by the

7   Court, that once you've served that term of imprisonment

8   under it, that you'll be subject to a lifetime term of

9   supervised release, which itself will be subject to various

10  terms and conditions.  And if you violate any of them, that

11  means that your supervised release can be revoked.  And if

12  it is revoked, you could then be sentenced to a further term

13  of imprisonment in addition to that which you've already

14  served for these offenses, which could be as long as another

15  five years.

16      Do you understand that?

17  **A.**   Yes, Your Honor.

18  **Q.**   And if at that time the Court sentenced you to less

19  than another five years, you'd be placed on supervised

20  release again.  And if you violated that next term of

21  supervised release, once again, you'd be subject to a term

22  of imprisonment of five years.

23      Do you understand that as well?

24  **A.**   Yes, Your Honor.

25  **Q.**   And so do you understand fully then that to which

USA v ROATSEY

1    you're subject, including that to which you're subject if

2    the Court accepts this plea agreement?

3    **A.**   Yes.  Yes, Your Honor.

4    **Q.**   And I mentioned to you that with respect to the term of

5    supervised release, which would be a life term under this

6    agreement, that the term of supervised release would be the

7    same, in any event, as I've given it to you.

8        Do you understand that as well?

9    **A.**   Yes, Your Honor.

10    **Q.**   Now then, with that, the Court would ask whether you

11    understand, as well, that you're subject to the requirement

12    that you register under the Federal Sex Offender

13    Registration Act for a lifetime?

14        Do you understand that?

15    **A.**   Yes, Your Honor.

16    **Q.**   And as I've already told you, if you fail to do so, to

17    register in every jurisdiction where you are a resident or

18    an employee or a student, that you would then have committed

19    another federal offense for which you could be imprisoned.

20        Do you understand that?

21    **A.**   Yes, Your Honor.

22    **Q.**   And so, do you understand the penalty to which you're

23    subject, and that includes restitution?

24        Do you understand that?

25    **A.**   Yes, Your Honor.

USA v ROATSEY

1   **Q.**   And I want to reiterate that under the terms of your

2   agreement, if the Court accepts it, you've agreed that each

3   victim -- and the indication in the Stipulation of Facts is

4   that there are quite a number of victims -- is entitled to

5   restitution, and that restitution may be in such amount as

6   the Court fixes.  And to the extent that the Court does not

7   exceed $10,000 as to any one victim, you forever waive your

8   right to appeal as to that imposition as to that victim for

9   whom the restitution did not exceed $10,000.

10       Do you understand all that?

11  **A.**   Yes, Your Honor.

12  **Q.**   And so, do you understand, should the Court not accept

13  your plea agreement, that you are not bound by it, and you

14  may withdraw your plea of guilty in this case?

15       Do you understand that as well?

16  **A.**   Yes, Your Honor.

17  **Q.**   Mr. Roatsey, you have the right to plead not guilty,

18  and if there is any doubt whatever in your mind as to

19  whether you are guilty of the charges contained in Counts

20  One and Three of this indictment, the Court would urge you

21  to plead not guilty.

22       What is your wish with respect to Count One?

23  **A.**   Guilty.

24  **Q.**   And Count Three?

25  **A.**   Guilty.

USA v ROATSEY

1    **Q.**   Other than your written plea agreement filed and read

2    here today, have you been made any promises by anyone of

3    leniency, light sentence, or probation?

4    **A.**   Can you repeat the question, please, Your Honor?

5    **Q.**   Other than your written plea agreement filed and read

6    here today, have you been made any promises by anyone of

7    leniency, or light sentence, or probation?

8    **A.**   No, Your Honor.

9    **Q.**   Have you been threatened by anyone in any way, has

10   anyone used any means of intimidation, or coercion, or

11   pressure to induce you to enter a plea of guilty against

12   your will?

13   **A.**   No, Your Honor.

14   **Q.**   Are you satisfied with your attorney, Mr. Carr, in this

15   case?

16   **A.**   Yes, Your Honor.

17   **Q.**   Do you feel that he has represented you fully and

18   fairly?

19   **A.**   Yes, he has, Your Honor.

20   **Q.**   Has he spent a good deal of time with you developing

21   this case?

22   **A.**   Yes, Your Honor.

23   **Q.**   Now, back to your written plea agreement filed and read

24   here today, is that the entire agreement between you and the

25   United States?

USA v ROATSEY

1    **A.**   Yes, Your Honor.

2    **Q.**   Are there any side agreements of any kind?

3    **A.**   No, Your Honor.

4    **Q.**   Do you then offer to enter a plea of guilty to each

5    Counts One and Three voluntarily and of your own free will?

6    **A.**   Yes, Your Honor.

7    **Q.**   Do you do that with the full understanding that you'll

8    be waiving your constitutional rights the Court's told you

9    about, including your right to a trial, that is, a speedy

10   trial by a jury in this matter?

11   **A.**   Yes, Your Honor.

12   **Q.**   And do you do it, as well, with the full knowledge of

13   the consequences of your plea, including the mandatory

14   minimum penalty that the Court must impose, and the maximum

15   penalty that the Court may impose in this case?

16   **A.**   Yes, Your Honor.

17   **Q.**   And do you do it, as well, with the full knowledge of

18   the other consequences of your plea, including the fine the

19   Court may impose, the restitution the Court may impose, the

20   requirement that you register for a lifetime under the

21   Federal Sex Offender Registration Act for a lifetime, as

22   well?

23        Do you understand all that?

24   **A.**   Yes, Your Honor.

25   **Q.**   And with that, let me ask whether or not you are ready

USA v ROATSEY

1    to sign a written plea of guilty to Counts One and Three?

2    **A.**    Yes, Your Honor.

3              THE COURT:  If that is the case, the clerk may

4    read it.

5              THE CLERK:  The United States of America versus

6    Todd Christopher Roatsey, Criminal Action Number 2:21-00235.

7         Guilty plea.

8         In the presence of John A. Carr, my counsel, who has

9    fully explained the charges contained in the third

10   superseding indictment against me, and having received a

11   copy of the third superseding indictment from the United

12   States Attorney before being called upon to plead, I hereby

13   plead guilty to Count One and Count Three of the

14   thirteen-count third superseding indictment.

15             THE COURT:  And before picking that up at the

16   lectern, Mr. Carr; Mr. Roatsey, do you waive further reading

17   of Counts One and Three in the indictment or do you wish to

18   have it read once more before your formal written plea is

19   taken?

20             THE DEFENDANT:  I waive it, Your Honor.

21             THE COURT:  And thank you.

22        And, Mr. Carr, would you obtain the written plea form

23   at the lectern?

24             MR. CARR:  Retrieving the written plea of guilty

25   form from the Court.

USA v ROATSEY

```
 1          (Pause.)
 2               MR. CARR:  May I approach, Your Honor?
 3               THE COURT:  You may.
 4               MR. CARR:  Returning the signed written plea of
 5     guilty to the Court.
 6               THE COURT:  Thank you.
 7               MR. CARR:  I apologize, Your Honor.
 8          (Attorney Carr exhibiting document.)
 9               THE COURT:  Thank you.
10     BY THE COURT:
11     Q.   Mr. Roatsey, let me ask you to stand again.  And tell
12     me in your own words what it is you did as more fully
13     charged, starting with Count One.
14     A.   I pretended to -- or I used the -- I pretended to be an
15     18-year-old and used Snapchat to talk with a 16-year-old
16     girl who I asked to place a marker in her vagina.
17     Q.   Now, is the 16-year-old girl the one who's named as
18     Minor Female 1?
19     A.   Minor Female 1.
20     Q.   Both in Count One and Count Three?
21     A.   That is correct, Your Honor.
22     Q.   And apart from that -- I should ask you, first of all,
23     where were you when that was being done?
24     A.   I was in my residence in Elkview.
25     Q.   And where was she located?
```

USA v ROATSEY

1    **A.**   Somewhere out of the country.

2    **Q.**   And this took place on what date or dates or within

3    what period of time?

4    **A.**   January 25th, 2020, through February 16, 2020.

5    **Q.**   And in what form did those activities take place?

6    **A.**   They took place through an app called Snapchat.

7    **Q.**   And tell me what the components of that are, and what

8    you did with respect to it.

9    **A.**   I used Snapchat to communicate with Female Victim 1.

10   And I pretended to be an 18-year-old to communicate with a

11   16-year-old through the cell phone, using that app.

12   **Q.**   And what exchanges did you have with Minor Female 1?

13   **A.**   I spoke with her about putting a marker in her vagina,

14   and I recorded several videos of it.

15   **Q.**   And what did you do with them?

16   **A.**   I just kept them on my device.

17   **Q.**   Was there any other exchange between the two of you?

18   **A.**   Yes.  I masturbated and made a video of it and sent

19   that to her.

20   **Q.**   And was that a single instance?

21          MR. CARR:  Your Honor, if counsel could clarify

22   the Court's question as to whether he's referring to the

23   videos from the identified Minor Female 1 or videos of the

24   defendant?

25          THE COURT:  Well, I was referring to what he last

USA v ROATSEY

```
 1    stated.
 2             MR. CARR:  Thank you, Your Honor.
 3    BY THE COURT:
 4    Q.    A video of the defendant himself.
 5    A.    Yeah, that only happened once, Your Honor.
 6    Q.    And what about the screenshots or exhibits that were
 7    sent to you by Female 1, pursuant to your request of Female
 8    1?  Was that more than one shot?
 9    A.    Yes, it was.
10    Q.    How many?
11    A.    Several, Your Honor.
12    Q.    As many as a dozen?
13    A.    Yes, Your Honor.  The videos -- it was more than a
14    dozen videos.
15    Q.    And I would ask the defendant whether or not he has
16    anything further on that subject matter on all of this?
17             MR. CARR:  Your Honor, may counsel ask the
18    defendant a non-leading question?
19             THE COURT:  Yes.  Go ahead.
20                        EXAMINATION
21    BY MR. CARR:
22    Q.    Mr. Roatsey, you mentioned she was outside the country.
23    Did you ever speak directly with her or meet her other than
24    through Snapchat?
25    A.    No, I did not.
```

USA v ROATSEY

1    **Q.**   But how old did you believe her to be?

2    **A.**   I believed her to be 16.

3    **Q.**   And why did you think that?

4    **A.**   Because she told me.  That's what she said.

5    **Q.**   Did she mention anything about her schooling?

6    **A.**   Yes.

7    **Q.**   What was that?

8    **A.**   That she was in high school.

9    **Q.**   Do you now know that Elkview, West Virginia, is within

10   the Southern District of West Virginia?

11   **A.**   Yes, I do.

12          MR. CARR:  Nothing further, Your Honor.

13          THE COURT:  With respect to that matter, let me

14   ask what further evidence the government may have?

15      And I want you to listen very carefully to what Ms.

16   Herrald says, Mr. Roatsey, because I want to ask you whether

17   or not it's correct.

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Please go ahead.

20          MS. HERRALD:  Your Honor, in addition to what Mr.

21   Roatsey has already stated, the United States did want to

22   clarify as to why we are proceeding on the attempt charges.

23      Minor Female 1 has not yet been identified by law

24   enforcement.  Based upon some of the -- a time stamp on one

25   of the video recordings that the defendant made of the

USA v ROATSEY

1    conversation between them, it appears that she is located

2    somewhere in either eastern Europe, the western Middle East,

3    or the eastern to southern portion of Africa, but we have

4    not identified her.

5        Their conversations -- Mr. Roatsey made approximately

6    30 screen recordings of their conversations, and within

7    those screen recordings, there were well over a dozen

8    individual videos that Minor Female 1 sent to him, depicting

9    herself masturbating.

10           THE COURT:  Is what Ms. Herrald just stated true

11   and correct?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  And anything else, Ms. Herrald?

14           MS. HERRALD:  Oh, Your Honor.  The United States

15   also per the practice of the Court has an exhibit, a

16   screenshot from one of these recordings, as dated February

17   15, of 2020.  Specifically, the file name was 2020-02-15

18   underscore 19-06-15.  The envelope contains one screenshot,

19   a portion of a conversation, as well as a screenshot of the

20   sexually explicit video of the minor.

21           THE COURT:  And have you seen that, Mr. Carr?

22           MR. CARR:  I have, Your Honor.

23           THE COURT:  In your engagement with the defendant,

24   has he assured you of the accuracy of that which Ms. Herrald

25   has just stated and attributed to these particular images?

USA v ROATSEY

1              MR. CARR:  Yes, Your Honor.

2              THE COURT:  Thank you.

3         Do you wish to file those now?

4              MS. HERRALD:  Yes, Your Honor, under seal.

5              THE COURT:  You may do so.

6         Let me ask, Ms. Herrald, is it known whether or not the

7    individual whose images are received and to whom the

8    defendant was speaking is under 18?

9              MS. HERRALD:  As she has not yet been identified,

10   Your Honor, we cannot prove that definitively.  There is

11   strong circumstantial evidence that she was under the age of

12   18, including photographs that she sent of herself,

13   depicting herself in her high school uniform and a high

14   school sports uniform, and the fact that the defendant was

15   posing as an 18-year-old and used that account to speak to

16   numerous other minors who have been identified and are as

17   young as the age of 11.

18        So, based upon that, we believe the defendant intended

19   for her to be under the age of 18, believed she was under

20   the age of 18, and took a substantial step toward

21   completing -- or toward affirming his intent by actually

22   having her produce and send the child pornography.

23             THE COURT:  Thank you.

24   BY THE COURT:

25   Q.   In light of that, let me ask you, Mr. Roatsey -- and

USA v ROATSEY

1    you may already have answered this in your statement to the

2    Court, but I'll ask you, nevertheless, was it your intent to

3    be engaging a 16-year-old?

4    **A.**   Yes, Your Honor.

5    **Q.**   And did you believe that in your correspondence with

6    that individual and the exchange of photos with that

7    individual that the individual was 16 years of age?

8    **A.**   Yes, Your Honor.

9    **Q.**   And that was at a time when you were conveying to that

10   same individual that you were 18 years of age?

11   **A.**   Yes, Your Honor.

12            THE COURT:  With respect to Count Three, what does

13   the defendant have to add?

14            MR. CARR:  Your Honor, respectfully, I believe

15   that the defendant has, in fact, laid the factual basis for

16   Count Three, as well, in his prior statement.

17       I would ask that, once again, to just ask the defendant

18   a non-leading question.

19            THE COURT:  And so you may do so.

20                           **EXAMINATION**

21   **BY MR. CARR:**

22   **Q.**   Mr. Roatsey, Count Three obviously charges an attempted

23   receipt of child pornography.  After asking the individual

24   in Count One, who is also named in Count Three, to make that

25   video, did you ask her to do something with it?

USA v ROATSEY

1    **A.**    Yes.  I asked her to make a video of her putting a

2    marker inside of her vagina and send it to me.

3    **Q.**    Did she, in fact, do so?

4    **A.**    Yes, she did.

5    **Q.**    And where did -- did you store that?

6    **A.**    Yes.  I stored that on my phone.

7            MR. CARR:  Nothing further, Your Honor.

8                               **EXAMINATION**

9    **BY THE COURT:**

10   **Q.**    That would have occurred during what period of time?

11   **A.**    That occurred from the dates of January 25th, 2020,

12   through February 16, 2020.

13   **Q.**    Thank you.

14   **A.**    You're welcome.

15           THE COURT:  And let me ask whether or not the

16   defendant has any further evidence with respect to Counts

17   One and Three?

18           MR. CARR:  No, Your Honor.

19           THE COURT:  And does the government?

20           MS. HERRALD:  Your Honor, the government would

21   just like to clarify.  Count Three -- I believe Mr. Carr may

22   have been referring to Count Six in the indictment.  There

23   were multiple counts involving Minor Female 1.

24           Count Three is a charge of attempted enticement of a

25   minor, rather than attempted receipt of child pornography,

USA v ROATSEY

1    but --

2           MR. CARR:  I apologize.

3           MS. HERRALD:  But, again, the United States agrees

4    with Mr. Carr that, essentially, the factual basis for Count

5    One is also the factual basis for Count Three, and that

6    during the course of this conversation -- which the

7    conversation took place over a longer period of time than

8    the production of child pornography -- the defendant engaged

9    in grooming behavior to encourage and ultimately persuade

10    the minor to send those sexually explicit videos to him.

11           THE COURT:  Is that a correct understanding?

12           MR. CARR:  Yes, Your Honor.  Counsel apologizes to

13    the Court.

14           THE COURT:  Again?

15           MR. CARR:  Yes, Your Honor.  And counsel

16    apologizes to the Court.

17           THE COURT:  Thank you.

18      And is what Ms. Herrald just stated correct?

19           MR. CARR:  Yes, Your Honor.

20           THE COURT:  Do the parties have anything further

21    with respect to the factual basis for the pleas of guilty to

22    Counts One and Three?

23           MR. CARR:  No, Your Honor.

24           MS. HERRALD:  No, Your Honor.

25           THE COURT:  The Exhibit is received and will be

USA v ROATSEY

1    filed under seal.

2         **(Government's Exhibit 1 admitted.)**

3    BY THE COURT:

4    **Q.**   Let me ask you, Mr. Roatsey, have you anything else to

5    add with respect to the factual basis for the plea in Counts

6    One and Three?

7    **A.**   No, Your Honor.

8    **Q.**   I'll ask you then, did you do the acts to which you've

9    pled guilty as more fully set forth in Counts One and Three?

10   **A.**   Can you repeat the question, please?

11   **Q.**   Did you do the acts to which you've pled guilty as more

12   fully set forth in Counts One and Three?

13   **A.**   Yes, Your Honor.

14   **Q.**   At the time you did those acts, did you know and

15   understand and intend what you were doing?

16   **A.**   Yes, Your Honor.

17   **Q.**   Are you pleading guilty then to Counts One and Three

18   because you are, in fact, guilty of those offenses set forth

19   there?

20   **A.**   Yes, Your Honor.

21   **Q.**   Do you understand all the proceedings that have taken

22   place here today?

23   **A.**   Yes, I do, Your Honor.

24   **Q.**   And do you wish to go forward with your pleas of guilty

25   to each Counts One and Three?

USA v ROATSEY

1    **A.**    Yes, Your Honor.

2    **Q.**    Thank you.  And you may be seated.

3          THE COURT:  The Court finds there is a factual

4    basis for the pleas to each Counts One and Three, and that

5    in each instance the plea is entered freely and voluntarily,

6    with the full knowledge of the consequences of the plea,

7    including the possible penalty that the Court may in this

8    case impose.

9          The Court notes that it will defer acceptance of the

10   plea agreement, awaiting receipt of the Presentence Report

11   in this case, and it is accordingly directed by the Court

12   that a Presentence Investigation Report by the Probation

13   Department of this court be prepared and received as

14   follows -- just a moment.

15         First of all, with respect to sentencing, the Court

16   would propose sentencing on September 14th of this year at

17   1:30 p.m.

18         Is that a satisfactory date and hour for counsel?

19             MS. HERRALD:  Yes, Your Honor.

20             MR. CARR:  Counsel believes so, yes, Your Honor.

21             THE COURT:  And I would ask whether or not counsel

22   have anything further at this time?

23             MS. HERRALD:  No, Your Honor.

24             MR. CARR:  No, Your Honor.

25             THE COURT:  That being the case, the defendant is

USA v ROATSEY

1    remanded to the custody of the United States Marshal.

2         And we'll stand continued as indicated.

3         Thank you.

4              THE CLERK:  All rise.

5         (Proceedings concluded at 3:08 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2         I, Catherine Schutte-Stant, Federal Official Realtime

 3    Court Reporter, in and for the United States District Court

 4    for the Southern District of West Virginia, do hereby

 5    certify that, pursuant to Section 753, Title 28, United

 6    States Code, the foregoing is a true and correct transcript

 7    of the stenographically reported proceedings held in the

 8    above-entitled matter and that the transcript page format is

 9    in conformance with the regulations of the Judicial

10    Conference of the United States.

11

12         s/Catherine Schutte-Stant, RDR, CRR

13         _____  July 15, 2022

14         Catherine Schutte-Stant, RDR, CRR
           Federal Official Court Reporter
15

16

17

18

19

20

21

22

23

24

25
```